UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLENN R. DAVIS JR.,

                         Plaintiff,

v.                                                                       CASE # 19-cv-01205

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     ELIZABETH HAUNGS, ESQ.
  Counsel for Plaintiff                                KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                FRANCIS D. TANKARD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II  JUDITH COHEN, ESQ.
  Counsel for Defendant                            SHRUTI KUMAR TEJWANI, ESQ.
26 Federal Plaza – Room 3904                    LAUREN ELIZABETH
New York, NY 10278                                     MYERS, ESQ.

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

**I.      RELEVANT BACKGROUND**

    **A.      Factual Background**

Plaintiff was born on December 1, 1976 and has a high school education. (Tr. 159,165). Generally, plaintiff's alleged disability consists of back injury, diabetes, hypertension, sleep apnea, anxiety, depression, morbid obesity, and edema of the lower extremities. (Tr. 158). His alleged onset date of disability is November 1, 2014. (Tr. 146-147). His date last insured is December 31, 2019. (Tr. 155).

    **B.      Procedural History**

On September 17, 2016, plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (Tr. 146-147). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On July 27, 2018, plaintiff appeared before the ALJ, Larry Banks. (Tr. 26-65). On October 29, 2018, ALJ Banks issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-21). On July 25, 2019, the Appeals Council ("AC") denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

    **C.      The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since November 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: spine disorder, dysfunction of major joints, and obesity. (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d)).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant should do no climbing of ropes, ladders, or scaffolds. He can perform other postural movements, such as stooping, on an occasional basis. He should avoid work around dangerous machinery or unprotected heights. The work environment should include close proximity to the rest room (i.e. on the same floor or one or two floors below or above).

6. The claimant is capable of performing past relevant work as a collections clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2014, through the date of the decision (20 CFR 404.1520(g)).

(Tr. 9-21).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff asserts the ALJ failed to give good reasons for rejecting the opinion of plaintiff's treating physician, Dr. Meng. (Dkt. No. 5 at 9 [Plaintiff's Memo of Law). Second, plaintiff argues the ALJ failed to provide sufficient reasoning for rejecting plaintiff's subjective complaints. (Dkt. No. 5 at 12).

### B. Defendant's Arguments

In response, defendant argued the ALJ properly evaluated the opinion evidence and the evidence of record as a whole. (Dkt. No. 8 at 11 [Defendant's Memo of Law]).

### III. RELEVANT LEGAL STANDARD

#### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

4

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

#### A. Medical Opinion Evidence

Plaintiff disputes the ALJ's RFC finding, arguing the ALJ failed to give good reasons for rejecting the opinion of treating physician Dr. Meng. (Dkt. No. 5 at 9-12). On July 23, 2018, Dr. Meng completed an "Obesity Medical Source Statement" for plaintiff and opined the following:

> Plaintiff could sit, stand, and walk for less than two hours in an eight-hour workday; would have to take one or two unscheduled breaks during a workday; with prolonged sitting, plaintiff's legs would have to be slightly elevated; plaintiff would be "off task" for 25% or

more of the workday; he likely would experience "good days" and "bad days" and would be absent from work more than four days per month. (Tr. 427-430).

Dr. Meng additionally reported that plaintiff's obesity caused shortness of breath, lower back pain, and leg swelling. (Tr. 427). The ALJ accorded little weight to this opinion from Dr. Meng. (Tr. 20).

Contrary to plaintiff's assertion, and consistent with the law, the ALJ provided good reasons for the weight given to Dr. Meng's opinion (Tr. 20). The Regulations require the ALJ to consider the frequency, length, nature, and extent of treatment; the amount of medical evidence supporting the opinion; the consistency of the opinion with the remaining medical evidence; and whether the physician is a specialist. *See* 20 CFR 404.1527(c) and 416.927(c). An ALJ is not required explicitly go through each and every factor of the Regulation, however ALJ Banks was very thorough in citing evidence that was inconsistent with Dr. Meng's significant limitations. *Hall v. Colvin*, 37 F. Supp. 3d 614, 625 (W.D.N.Y. 2014).

ALJ Banks noted that the medical evidence, including Dr. Meng's own physical examinations, were inconsistent with the extreme limitations that Dr. Meng opined were necessary. (Tr. 20). See 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). For example, on March 31, 2015, which was approximately five months after the alleged onset date of November 1, 2014, Dr. Meng noted plaintiff was not in acute distress and "regular walking [was] fine". (Tr. 274). Plaintiff's range of motion was also found to be normal, with mild tenderness in the right side of the lower lumbar spine. (Tr. 274). During office visits on June 12, 2015, February 2, 2016, November 15, 2016, and December 14, 2016, Dr. Meng consistently observed plaintiff was not in acute distress, he was walking independently, and his gait was normal. (Tr. 278, 280, 288, 412). Therefore, Dr. Meng's clinical observations were

inconsistent with his medical opinion and accordingly given little weight. *Halloran v. Barnhart*, 362 F.3d at 32 (2d Cir. 2004)(deference to treating source's opinion was not required where treating physician issued opinions that were not consistent with his own treatment notes and other substantial evidence in the record).

Further, Dr. Meng's opinion was inconsistent with observations and findings of other medical providers. For instance, on June 11, 2015, consultative examiner Dr. Schwab observed that plaintiff appeared to be in no acute distress, his gait was normal, and he could walk on heels and toes without difficulty. (Tr. 407). His stance was normal, he did not use assistive devices, and did not need any help changing for the examination or getting on and off the examination table. (Tr. 407). He was able to rise from the chair without difficulty and the cervical and lumbar spine showed full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. (Tr. 408).

Similarly, on December 12, 2016, thoracic surgeon Dr. Balderman observed that plaintiff was in no acute distress, his gait and stance were normal, and he could walk on heels and toes without difficulty. (Tr. 293). He did not use assistive devices, did not need help changing for the examination or getting on and off the examination, and was able to rise from his chair without difficulty (Tr. 293). His cervical spine showed full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. (Tr. 294). His lumbar spine showed flexion of 80 degrees, full extension, full lateral flexion bilaterally, and full rotary movement bilaterally. (Tr. 294). Therefore, as cited by the ALJ, the medical evidence shows that Dr. Meng's opinion was inconsistent with his own clinical observations and those of other medical providers. A treating physician's opinion can be rejected when it is not supported by his own treatment records, conflicts

with earlier assessments, and paints a "graver picture" of plaintiff's health than other consulting doctors. *Morris v. Berryhill*, No. 16-2672-CV, 2018 WL 459678, at *3 (2d Cir. Jan. 18, 2018).

It was appropriate for the ALJ to contrast between Dr. Meng's opinion versus plaintiff's actual activity level. *See* 20 C.F.R. § 404.1527(c)(4) (ALJ considers whether an opinion is consistent with the record as a whole); *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 113-14 (2d Cir. 2010) (unpublished) (ALJ may reject a treating physician's analysis where that analysis conflicts with a claimant's own testimony about how the claimant's impairments affect the claimant's functional capacity). The record indicates that plaintiff drove his daughters around town and took them to the mall, park, and zoo (Tr. 46, 57-58, 171); he socialized with family and friends, watched television, listened to the radio, and read (Tr. 401-02); he could dress, bathe, and groom himself and perform some household chores, such as light cooking, cleaning, and laundry (Tr. 403); and he shopped weekly in stores and online for groceries, children's items, and household items. (Tr. 171). The ALJ properly considered these activities of daily living in determining that Plaintiff retained the functional capacity to perform sedentary work. *Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (ALJ may rely on such activities to show that a claimant's allegation that she was disabled was not credible); *see Gaathje v. Colvin*, No. 3:15-CV-1049, 2016 WL 11262524, at *9 (D. Conn. July 11, 2016), *report and recommendation adopted,* No. 3:15-CV-01049, 2017 WL 658055 (D. Conn. Feb. 17, 2017) ( "The ALJ does not equate plaintiff's activities of daily living with her ability to work. Rather, he permissibly considered plaintiff's activities of daily living as but one of many factors in determining both plaintiff's credibility and RFC.").

### B. Subjective Complaints

Plaintiff additionally argues the ALJ failed to provide sufficient reasoning for rejecting the subjective complaint that he needed a specialized chair for his morbid obesity and spinal issues.

(Dkt. No. 5 at 12-15). The vocational expert testified that the need for a special chair would constitute an accommodation and is not a functional limitation. (Tr. 64). An ALJ must explicitly consider whether a plaintiff can work without accommodations. *Lukose v. Astrue*, No. 09-CV-962S, 2011 WL 5191784, at *5 (W.D.N.Y. Oct. 31, 2011)(citing *Silberman v. Astrue,* No. 08 Civ. 03398(RMB)(THK), 2009 WL 2902576, at *14 (S.D.N.Y. Aug. 14, 2009). But, the ALJ is not required to find a plaintiff disabled merely because he claims to need an accommodation. *Id.* (citing *Koehler v. Astrue,* 283 F. App'x 443, 445 (9th Cir.2008)). A claimant's testimony as to subjective complaints is entitled to great weight only when consistent with and supported by objective medical evidence, *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009). However, in this case, there is no objective medical evidence to support Plaintiff's asserted need for special accommodations.

On October 31, 2016, plaintiff told Nurse Klemp that he sat in unsupported chairs at work in the past, even though he had been markedly overweight for 20 years. (Tr. 225, 292). Plaintiff testified that one of his earlier jobs at a bank had provided him with a special chair, but he did not indicate that his last job at the collection agency had provided him with a similar chair. (Tr. 40). Further, he was fired from his job at the collection agency not due to functional disability resulting from the lack of a special chair, but because he refused to follow company procedure. (Tr. 31). Therefore, the record shows that plaintiff had previously been able to work without a special chair, despite his morbid obesity. This is also contrary to plaintiff's argument that past relevant work was accommodated because the past work found by the ALJ was the collection agency position, not the banking position. (Dkt. No 5. at 15).

No medical records indicate plaintiff required special chairs for his obesity or spine issues, which is consistent with reports from consultative examiners indicating that plaintiff did not

require a special chair. In fact those reports conclude he was able to rise from the chair in the examination room without difficulty and did not need any help getting on and off the examination table. (Tr. 293, 407). The hearing transcript indicates plaintiff complained his back hurt after about 30 to 35 minutes but there were no complaints about the chair he was using. (Tr. 52-53). Therefore, plaintiff has not met his burden of proving that he would be unable to work without the accommodation of a special chair. *See Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits.").

Given that it is the responsibility of the Commissioner, not the reviewing Court, to assess a plaintiff's credibility, the Court finds that the ALJ's credibility determination is supported by substantial evidence in the record. *See Yellow Freight Sys. Inc. v. Reich,* 38 F.3d 76, 81 (2d Cir.1994) (reviewing court "must show special deference" to credibility determinations made by the ALJ, "who had the opportunity to observe the witnesses' demeanor" while testifying.").

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 5) is **DENIED;** and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED.**

Dated: October 16, 2020  *J. Gregory Wehrman* J.A.W.
Rochester, New York  HON. J. Gregory Wehrman
United States Magistrate Judge